**NOT FOR PUBLICATION**

MAY 20 2016

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NAPOLEON BROWN, | No. 14-15622 |
| Petitioner - Appellant, | D.C. No. 3:11-cv-00977-JST |
| v. | |
| ATTORNEY GENERAL OF THE STATE OF CALIFORNIA; MICHAEL HENNESSEY, San Francisco Sheriff, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Jon S. Tigar, District Judge, Presiding

Argued and Submitted September 18, 2015
San Francisco, California

Before: W. FLETCHER, BERZON, and BEA, Circuit Judges.

Napoleon Brown was convicted in state court of robbery, carjacking, and

involuntary manslaughter. His sentence was enhanced because of firearm use

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

during the robbery. Brown then sought federal habeas relief under 28 U.S.C. § 2254, which the district court denied. We affirm.

1. Habeas relief is unavailable on Brown's Fifth Amendment claim. We assume without deciding that the state trial court committed constitutional error when it permitted the prosecutor to use as evidence of guilt Brown's pre-arrest, pre-*Miranda* warning invocation of his right to remain silent. But even if we were otherwise empowered to grant habeas relief on that account, *see* § 2254(d), Brown cannot demonstrate that any cognizable constitutional error resulted in "actual prejudice" as to the firearm enhancements or the robbery and carjacking convictions. *See Davis v. Ayala*, 135 S. Ct. 2187, 2197 (2015) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)).

The prosecutor did not attempt to connect Brown's decision not to meet with the police to the firearm enhancements; it therefore is unlikely that the prosecutor's comments about Brown's decision influenced the jury's conclusion on the firearms enhancements. The prosecutor's statements were used to show Brown's consciousness of guilt generally, not expressly or impliedly to suggest that Brown personally used a gun during the robbery. The jury had no reason to think Brown declined to talk to the police because he was concerned that, if prosecuted, he would be convicted not only for the robbery, carjacking, and White's death, but

2

*also* would receive a longer sentence because he used a firearm during the robbery. Moreover, two eyewitnesses identified Brown as the gunman. We thus cannot conclude that there is "more than a 'reasonable possibility' that the error was harmful." *Id.* at 2198 (quoting *Brecht*, 507 U.S. at 637). We reach the same result upon applying the "AEDPA/*Chapman*" standard. *Id.* (quoting *Fry v. Pliler*, 551 U.S. 112, 119-20 (2007)).

The prosecutor's comments also were not prejudicial as to the robbery and carjacking charges. In addition to the eyewitness testimony, a bandana was found at the robbery location with DNA matching Brown's DNA; Officer Watts testified that he saw two African-American males with a bank deposit bag run to a particular parked car and get into the passenger side; White stated that "S.B." was the person who pushed her out of the car (and therefore likely was one of the two African-American men seen getting into the Ford); there was evidence that Brown was sometimes called "S.B."; police officers found Johnny Rockets property in the Ford; and Brown attempted to flee when arrested. *See, e.g.*, *Illinois v. Wardlow*, 528 U.S. 119, 124 (2000) (noting that flight can be evidence of wrongdoing). Considering "the record as a whole," the State's evidence of Brown's guilt with regard to the robbery and carjacking charges was, at a minimum, "certainly weighty." *Brecht*, 507 U.S. at 638-39. Our review of the record thus does not

permit more than "mere speculation that [Brown] was prejudiced by trial error." *Ayala*, 135 S. Ct. at 2198 (quoting *Calderon v. Coleman*, 525 U.S. 141, 146 (1998) (per curiam)).

2. We further hold habeas relief unavailable on Brown's Sixth Amendment claim. The California Court of Appeal held that *Bruton v. United States*, 391 U.S. 123 (1968), did not require exclusion of White's statements in response to Officer Aschero's questions on the Golden Gate Bridge because the statements were dying declarations and did not offend the Confrontation Clause when used at trial. The Supreme Court has not clearly established that admission of a testimonial dying declaration violates the Confrontation Clause. *See Michigan v. Bryant*, 562 U.S. 344, 351 n.1 (2011); *Crawford v. Washington*, 541 U.S. 36, 56 n.6 (2004) (declining to decide whether the Confrontation Clause "incorporates an exception for testimonial dying declarations"). The California Court of Appeal's decision therefore was not "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

3. We deny Brown's motion to expand the certificate of appealability to include the uncertified *Batson* claims. *See* 9th Cir. R. 22-1(e). "Where a district court has rejected the constitutional claims on the merits . . . [t]he petitioner must

4

demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Having carefully reviewed the district court's decision and the state court record, including the voir dire and trial transcripts, we hold that this standard has not been met.

**AFFIRMED.**